## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JAMAN CHOWDHURY**, <br><br> Plaintiff, <br><br> v. <br><br> **HILTON HOTELS CORP., et al.**, <br><br> Defendants. | Civil Action No. 08-cv-2250 (RLW) |

### MEMORANDUM OPINION

This matter is before the Court on Defendants' Motion for Summary Judgment (Docket No. 12). Plaintiff Jaman Chowdhury has asserted four causes of action against Defendants. Against Defendant Hilton Hotels Corporation, Plaintiff asserts: employment discrimination in violation of 42 U.S.C. § 1981 (Count I) and negligent supervision (Count IV). Against all Defendants, Plaintiff asserts violations of the D.C. Human Rights Act ("DCHRA") (Count II) and common law invasion of privacy (Count III).

For the following reasons, Defendants' Motion is DENIED as to Count I, GRANTED in part and DENIED in part as to Count II, and GRANTED as to Counts III and IV. For purposes of this ruling, the Court will assume that the reader is familiar with the factual assertions and arguments made by the parties, and will not recite those again here.

### ANALYSIS

**A. Standard of Review**

Summary judgment is appropriate when the moving party demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See Moore v. Hartman, 571 F.3d 62, 66 (D.C. Cir. 2009) (citing Fed. R. Civ. P. 56(c) and Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986)). A genuine issue of material

1

fact exists if the evidence "is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. A party, however, must provide more than "a scintilla of evidence" in support of its position; the quantum of evidence must be such that a jury could reasonably find for the moving party. Id. at 252.

### B. Count I—Section 1981 promotion discrimination

Defendant Hilton argues that it is entitled to summary judgment on Count I because Plaintiff bases this claim solely on national origin discrimination, and "[c]laims based on the place or nation of the plaintiff's origin are not covered" by 42 U.S.C. § 1981. Mem. at 13. Hilton relies solely on Plaintiff's deposition testimony, in which Plaintiff—in response to a question posed by Defendants' counsel—answered that his discrimination complaint was based on the fact that he was foreign-born. Plaintiff responds that his claim is based on the "racial and ethnic characteristics of his national origin." Opp. at 4. Plaintiff relies on his Complaint, the record, and a declaration that Plaintiff submitted (over Defendants' objection) for the first time with his Opposition.

The Court agrees with Defendants that, ordinarily, a party cannot submit a declaration after close of discovery and in opposition to a motion for summary judgment that contradicts its deposition testimony. Plaintiff's response to a few leading questions during his deposition that purported to summarize the basis of his claims is not, however, dispositive on the issue of the basis of his discrimination complaint. Plaintiff was never asked by defense counsel during the deposition if he also felt that he was discriminated against because of race. Thus, Plaintiff's declaration does not squarely contradict his deposition testimony. Moreover, Plaintiff did allege in his Complaint that he had been discriminated against due to the "race, color and ethnic characteristics associated with his national origin . . . ." Complaint ¶ 46. He also alleged that he

is a South Asian man of East Indian and Bangladeshi descent, who was discriminated against because of race. Complaint ¶¶ 5, 12.

Plaintiff can certainly rely upon indirect evidence of discrimination to support his Section 1981 discrimination claim, and the circumstances of the FBI tip and the harassment (accusations of terrorist activity) that allegedly followed is sufficient evidence to raise a question of fact as to whether Plaintiff was discriminated against due to his ethnicity. As the Supreme Court stated in Saint Francis College v. Al-Khazraji, 481 U.S. 604, 613 (1987):

> Based on the history of § 1981, we have little trouble in concluding that Congress intended to protect from discrimination identifiable classes of persons who are subjected to intentional discrimination solely because of their ancestry or ethnic characteristics. Such discrimination is racial discrimination that Congress intended § 1981 to forbid, whether or not it would be classified as racial in terms of modern scientific theory. The Court of Appeals was thus quite right in holding that § 1981, at a minimum, reaches discrimination against an individual because he or she is genetically part of an ethnically and physiognomically distinctive sub-grouping of homo sapiens. It is clear from our holding, however, that a distinctive physiognomy is not essential to qualify for § 1981 protection. If respondent on remand can prove that he was subjected to intentional discrimination based on the fact that he was born an Arab, rather than solely on the place or nation of his origin, or his religion, he will have made out a case under § 1981.

Id. (internal quotation marks and citations omitted). Thus, though Plaintiff's evidence on this claim is somewhat weak, there is enough evidence to allow this claim to go to a jury. The Court will deny summary judgment on this claim.

### C. Count II-Plaintiff's Claims Under the DCHRA

Plaintiff asserts two theories of discrimination under the DCHRA: failure to promote and hostile work environment. The Court will address each claim in turn. First, Plaintiff alleges that

Defendants unlawfully failed to promote him on the basis of age and national origin in 1999 and then again in 2007. Defendants argue that they are entitled to summary judgment on this claim. The Court agrees.

At the outset, Defendants correctly argue—and Plaintiff does not dispute—that Plaintiff cannot assert a cause of action based on Defendants' failure to promote him in 1999 because such claims are time-barred under the DCHRA. See D.C. Code § 2-1403.16(a) (2001) (stating that a private cause of action under the DCHRA should be filed "within one year of the unlawful discriminatory act[] or the discovery thereof . . . ."). Thus, Defendants are entitled to summary judgment on all claims arising out of the 1999 failure to promote.

Defendants are also entitled to summary judgment on Plaintiff's claim that Defendants unlawfully failed to promote him in 2007 on the basis of his age and national origin. The facts are undisputed that Plaintiff knew about the 2007 position and neither applied for it nor was eligible because he had recently been suspended. Either factor, standing alone, is sufficient to defeat Plaintiff's claim. See Stella v. Mineta, 284 F.3d 135, 139 (D.C. Cir. 2002) (holding that an element of a prima facie case of discriminatory non-promotion is that plaintiff "applied for and was denied an available position for which he/she was qualified."); Lathram v. Snow, 336 F.3d 1085, 1089 (D.C. Cir. 2003) (holding that Plaintiff's failure to apply for position defeated her claim);[1] Brookens v. Solis, 616 F. Supp. 2d 81, 94 (D.D.C. 2009) (holding that summary judgment was proper where plaintiff failed to establish he was qualified for the position). Plaintiff has failed to make his prima facie case on this claim and, thus, Defendants are entitled to summary judgment. Even assuming Plaintiff was qualified and had applied, the undisputed

---

[1] Plaintiff argues that, under the exception mentioned in Lathram, Plaintiff was not required to apply for the job to make out a prima facie claim because he was aware that applying would be futile. The facts of this case, particularly Plaintiff's subjective belief that it would be futile to apply, without more, do not warrant invoking the exception.

facts reflect that there was only a six-year age difference between Plaintiff and the successful applicant, who also was foreign-born. Plaintiff has failed to raise enough of a dispute as to any of the relevant facts to warrant sending this case to the jury. See Kelly v. Hairston, 605 F. Supp. 2d 175, 180 (D.D.C. 2009); McFarland v. George Washington Univ., 935 A.2d 337, 347 (D.C. 2007).

Defendants are not entitled to summary judgment, however, as to Plaintiff's theory of hostile work environment. Plaintiff has raised enough issues of fact regarding alleged abusive conditions in the workplace to allow the case to go to a jury. The Defendants' witnesses concede that the FBI interview was considered to be a confidential, personnel-type matter. Yet, Plaintiff has raised a question of fact as to whether Defendant allowed the matter to become known to other employees. Although Defendants attempt to narrowly construe Plaintiff's hostile work environment claim as one not being based on a protected class, Defendants miss the mark. The alleged threats and taunting that Plaintiff received from other employees could be inferred to be based on Plaintiff's ethnicity and/or his foreign-born status. Thus, though the evidence in Plaintiff's favor is somewhat weak, there is enough evidence to allow this claim to go to a jury, and the Court will deny summary judgment on this claim.

**D. Count III—Common Law Invasion of Privacy/False Light**

Defendants argue that they are entitled to summary judgment on Count III because the evidence is insufficient to establish a claim for false light. The Court agrees. Plaintiff has failed to establish that Defendants are liable given the failure to prove, by competent evidence, the required elements of false statements and "publicity." See Shipkovitz v. The Washington Post Co., 571 F. Supp. 2d 178, 183 (D.D.C. 2008) (quoting Kitt v. Capital Concerts, Inc., 742 A.2d 856, 859 (D.C. 1999) (stating that the elements of a claim of false light in the District of Columbia are: 1) publicity; 2) about a false statement, representation or imputation; 3)

understood to be of and concerning the plaintiff, and 4) which places the plaintiff in a false light that would be offensive to a reasonable person). Although Plaintiff asserts that there is "ample evidence" of publicity and false statements, Plaintiff fails to cite to anything beyond mere unsupported conclusory allegations. This is simply not enough to overcome summary judgment.[2]

### E. Count IV—Negligent Supervision

Finally, Defendants argue that they are entitled to summary judgment on Plaintiff's negligent supervision claim. As Defendants correctly point out, and as Plaintiff concedes, Plaintiff cannot base a claim for negligent supervision on the alleged statutory DCHRA violations. See Griffin v. Acacia Life Ins. Co., 925 A.2d 564, 579 (D.C. 2007); see also Marshall v. Honeywell Technology Solutions, Inc., 536 F. Supp. 2d 59, 70 (D.D.C. 2008). Moreover, although Plaintiff contends that his claim for negligent supervision is actually based on his common law invasion of privacy claim (Count III), the Court has already granted summary judgment to Defendants on that claim for insufficiency of the evidence. Accordingly, because Plaintiff's surviving causes of action are statutory, there are no remaining common law claims upon which to base Count IV. Accordingly, Defendants are entitled to summary judgment.

---

[2] Although the Court has denied summary judgment on Plaintiff's hostile work environment claim based in part on the same alleged statements, the elements necessary to prove the two claims are substantially different. Most notably, the element of "publicity" required to prove false light requires a much higher showing than the one Plaintiff has made in this case. See Steinbuch v. Cutler, 463 F. Supp. 2d 1, 3 (D.D.C. 2006) (stating that, in the District of Columbia, whereas "publication" necessary to prove defamation can mean communication to one person, "publicity" necessary to prove false light means "that the matter is made public, by communicating it to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge.") (quoting Restatement (Second) of Torts § 652D (1977)).

## **CONCLUSION**

For the foregoing reasons, Defendants' Motion for Summary Judgment is denied as to Count I, granted in part and denied in part as to Count II, and granted as to Counts III and IV. An order accompanies this Memorandum.

Date: August 25, 2011

                                                /s/
                                    ROBERT L. WILKINS
                                    United States District Judge